FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JAMES EZELL,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 21-6135
(D.C. No. 5:20-CV-00226-G)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.**
_____

Petitioner-Appellant James Ezell, a state inmate appearing pro se, seeks a

certificate of appealability (COA) to appeal from the denial of his petition for a writ

of habeas corpus.  28 U.S.C. § 2441; Ezell v. Crow, No. CIV-20-226, 2021 WL

4449278, at *1 (W.D. Okla. Sept. 28, 2021).  Mr. Ezell challenges a prison

disciplinary proceeding on due process grounds.  To be granted a COA, Mr. Ezell

must make "a substantial showing of the denial of a constitutional right."  28 U.S.C.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

§ 2253(c)(2).  The district court rejected his constitutional claims on the merits, so he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Exercising jurisdiction under 28 U.S.C. § 1291, we find that some of Mr. Ezell's due process claims cannot be resolved on summary judgment, so we grant a COA on those claims and instruct the district court to vacate its judgment and to resolve those claims after a hearing.  On all other claims, we deny a COA.

**Discussion**

This case stems from a disciplinary proceeding on May 3, 2018, at James Crabtree Correctional Center in Oklahoma, where Mr. Ezell was housed as a state prisoner.  Ezell, 2021 WL 4449278, at *1.  That day, a correctional officer executed an incident report stating that Mr. Ezell had "thr[own] a cup of urine and feces at [him] that landed on [his] hands and pants legs" when the officer attempted to place hand restraints on Mr. Ezell.  Id. (quoting R. 179).  According to the Oklahoma Department of Corrections (ODOC), Mr. Ezell signed a corresponding offense report that he had received a copy of the written charge against him, realized his right to remain silent, pled guilty, and waived his right to an appeal.  Aplee. Br. at 4; R. 178.  According to Mr. Ezell, he "never received the offense reports" and "[p]rison official[s] forged [his] signatures on the report."  Aplt. Br. at 2; see also R. 215–16.  Mr. Ezell's resulting punishment was "a $20.00 fine, a canteen restriction of 180

2

days, and a loss of 30 earned time credits." Ezell, 2021 WL 4449278, at *1. His subsequent appeal was denied because of his alleged waiver. Id.

After pursuing his state remedies, Mr. Ezell filed the instant petition.[1] R. 6–14 (Original Petition); R. 215–21 (Amended Petition). The Respondent (the director of ODOC) moved to dismiss the petition. R. 225–35. The magistrate judge recommended construing Respondent's motion as a motion for summary judgment. R. 283–94. Mr. Ezell did not object to this construction. Ezell, 2021 WL 4449278, at *1 n.2; see also R. 295–304. The district court adopted the magistrate judge's recommendation, granted summary judgment, and denied the petition. Ezell, 2021 WL 4449278, at *3.

Mr. Ezell alleges that his due process rights were violated because: (1) he did not receive his offense report; (2) his signature was forged; and (3) the correctional facility did not follow its own procedures by allowing a disciplinary hearing coordinator to be involved in investigating and prosecuting his case and in wrongly transferring him to a "supermax" prison. Ezell, 2021 WL 4449278, at *1–3; R. 215–21. Because prison regulations do not create enforceable procedural rights, Estate of DiMarco v. Wyo. Dept. of Corr., 473 F.3d 1334, 1341 (10th Cir. 2007), and Mr. Ezell was not in fact transferred to a supermax prison, Ezell, 2021 WL 4449278, at *3, we deny a COA on argument three. However, we consider arguments one and

---

[1] Because Mr. Ezell challenges prison disciplinary proceedings that revoked good-time credits, he appropriately brought his action as one for habeas relief under 28 U.S.C. § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 487–88 (1973); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811–12 (10th Cir. 1997).

3

two because due process entitles Mr. Ezell to "advance written notice of the disciplinary charges" and "an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense." Superintendent, Mass. Corr. Inst. at Walpole v. Hill, 472 U.S. 445, 454 (1985).

Mr. Ezell has alleged that he was not given notice of his charges and not given any opportunity to provide a defense because his signature acknowledging receipt and waiving his right to an appeal was forged. Aplt. Br. at 2. He supports these allegations with an affidavit. R. 278–81. Respondent provides a correctional officer's affidavit claiming the opposite. R. 326–27. That correctional officer is the same officer who was assigned to Mr. Ezell's disciplinary case. R. 326.

We review de novo the district court's grant of summary judgment, taking the facts in the most favorable light for the nonmovant and drawing all reasonable inferences in his favor. Eckard v. State Farm Mut. Auto. Ins. Co., 25 F.4th 1275, 1277 (10th Cir. 2022). We cannot follow the district court in giving Respondent's affidavit weight, but disregarding Mr. Ezell's as "conclusory and self-serving." See Ezell, 2021 WL 4449278, at *2 (quoting Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991)). "Material factual disputes cannot be resolved at summary judgment based on conflicting affidavits." Hall, 935 F.2d at 1111.

We also question whether "Petitioner's [alleged] signatures on the Offense Report and Disciplinary Disposition Report are substantially similar to his signatures on other documents." Ezell, 2021 WL 4449278, at *2. We consider the three

contested signatures, <u>see</u> R. 241, 243, to be less clear than, and distinguishable from, Mr. Ezell's signatures elsewhere in the record, <u>see</u> R. 239, 244, 257, 259–60; <u>see also, e.g.</u>, R. 14, 221.  We are not handwriting experts — and that is the point.  Mr. Ezell has made a substantial showing of a violation of a constitutional right, and summary judgment cannot lie.

Accordingly, we GRANT a COA as to arguments one and two, but deny a COA as to argument three and any other challenges.  We GRANT the motion to proceed IFP, VACATE the district court's entry of summary judgment, and REMAND to the district court for further proceedings.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

5